```
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL ZERAFA, *Individually and On Behalf of All Others Similarly Situated*,

Plaintiff,

-against-

MIDAS PROPERTY MANAGEMENT CORP., MIDAS MANAGEMENT ASSOC. INC., THE HERKIMER EXECUTIVE HOUSE, INC., 29-33 CONVENT AVENUE HOUSING DEVELOPMENT FUND CORPORATION, MICHAEL PADERNACHT, DANIEL PADERNACHT, CHRISTOPHER LIM, GERARD KARLEN, and NICHOLAS CASUCCI,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/2/2023

1:22-cv-1755 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Daniel Zerafa brought this action asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as under New York Labor Law, against Defendants Midas Property Management Corp., Midas Management Assoc. Inc., Michael Padernacht, Daniel Padernacht, Christopher Lim, Gerard Karlen, and Nicholas Casucci (collectively, "Midas"), The Herkimer Executive House, Inc. ("Herkimer") and 29-33 Convent Avenue Housing Development Fund Corporation.[1] With the assistance of a private mediator, all parties reached a settlement [ECF No. 48]. Because the complaint asserts claims under the FLSA, judicial approval is required for settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Court therefore directed the parties to submit a copy of their settlement agreement and a joint letter explaining why the proposed settlement is fair and reasonable, as well as an explanation of the

---

[1] 29-33 Convent Avenue Housing Development Fund Corporation was incorrectly named in the complaint as 29-33 Convent Avenue HDFC.

1

reasonableness of any attorneys' fees [ECF No. 49]. The parties submitted those materials and supporting documentation [ECF No. 57].

The Court has carefully reviewed the parties' submissions in the light of the requirements of the FLSA and Second Circuit law. In particular, the Court has considered:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Having scrutinized the parties' proposed settlement, the Court concludes that it is fair and reasonable. Under the parties' agreement, Plaintiff will receive a significant settlement. While there is a possibility that Plaintiff could receive more in damages if the case were to proceed to trial, there are also serious litigation risks. The parties' use of an experienced mediator supports the Court's conclusion that the settlement is the product of arm's-length bargaining, rather than fraud or collusion. *See Hernandez v. Anjost Corp.*, No. 11 CIV. 1531 AT, 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013).

The Court has also carefully assessed the reasonableness of the proposed attorneys' fees. *See Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). The proposed attorneys' fees represent approximately one-third of the total settlement amount after deducting costs. Courts in this circuit commonly approve of a one-third contingency fee. *See Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases). The Court notes that, here, the lodestar is slightly less than the requested contingency fee. The one-third fee is approximately 1.05 times the lodestar. Such a

multiplier is well within the range that courts commonly approve, and the difference between the contingency fee and the lodestar amounts may simply reflect that the parties reached this settlement at an early stage in the litigation. *See Zeltser v. Merrill Lynch & Co.*, 2014 WL 4816134, at *9 (S.D.N.Y. Sept. 23, 2014).

Accordingly, for the reasons set forth above and explained in the parties' submissions [ECF No. 57], the Court approves the proposed settlement and the requested attorneys' fees. The Clerk of Court respectfully is requested to close this case.

**SO ORDERED.**

Date:  May 2, 2023
       New York, NY

                                                 **MARY KAY VYSKOCIL**
                                                 **United States District Judge**